CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

1/6/2026

LAURA A. AUSTIN, CLERK
BY: s/ J. LOPEZ
DEPUTY CLERK

**IN THE U.S. DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Lynchburg Division)**

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC** | * | |
| *and* | * | |
| **TRUSTEE SERVICES OF VIRGINIA, LLC** | * | |
| *Plaintiff,* | * | |
| **v.** | * | **Civil Action No:  6:26CV2** |
| | * | |
| **SECRETARY OF DEPARTMENT OF** | * | |
| **HOUSING AND URBAN DEVELOPMENT** | * | |
| *Serve:* The Honorable Robert M. Tracci, | * | |
| Acting U.S. Attorney for the Western District of Virginia | * | |
| *at:* 310 1ˢᵗ Street S.W., Room 906 | * | |
| Roanoke, Virginia 24011 | * | |
| *And serve via Certified Mail:* | * | |
| The Honorable Pamela Jo Bondi, | * | |
| Attorney General of the United States | * | |
| 950 Pennsylvania Avenue | * | |
| Washington, D.C. 20530-0001 | * | |
| *And serve via Certified Mail:* | * | |
| The Honorable Scott Turner, | * | |
| Secretary of Housing and Urban Development | * | |
| 451 7ᵗʰ Street, S.W. | * | |
| Washington, D.C. 20410-0001 | * | |
| | * | |
| **MARGARET E. JENERETTE** | * | |
| *Serve at:* 958 Bell Road | * | |
| Dillwyn, Virginia 23936 | * | |
| | * | |
| **FIRST AMERICAN** | * | |
| *Serve:* Corporation Service Company, registered agent | * | |
| *at:* 100 Shockoe Slip, 2nd Floor | * | |
| Richmond, Virginia 23219 | * | |
| | * | |
| *and* | * | |
| **AMERICAN HEALTHCARE, LLC** | * | |
| *Serve:* M. Dean Cranwell, registered agent | * | |
| *at:* 3131 Electric Road | * | |
| Roanoke, Virginia 24018 | * | |
| *Defendants.* | * | |

**COMPLAINT FOR A JUDICIAL SALE**

COME NOW the Plaintiffs, by counsel, respectfully requesting that this Honorable Court

enter an order authorizing a judicial sale for the real property commonly known as 958 Bell Road,

Dillwyn, Virginia, and more fully described in paragraph 14 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S.C. § 2410, 28 U.S. Code § 2201 and Code of Virginia § 8.01-96 *et seq.* and, in support thereof, state as follows:

1.        This Complaint is a request for a judicial sale that is necessitated by there being a "Virginia Deed of Trust" and a "Partial Claim Deed of Trust" recorded in the chain of title for the Property.

2.        Said Deeds of Trust are junior liens and provides security interests to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of two promissory notes that are payable to the Secretary.

3.        The Plaintiffs, respectively, are the current Note holder and beneficiary of the first Deed of Trust encumbering the Property, and the substitute trustee of that Deed of Trust.

4.        The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the first mortgage loan, which is in default for nonpayment.

**PARTIES**

5.        Lakeview Loan Servicing, LLC (hereinafter "Lakeview") is a Florida limited liability company that is also registered with the Virginia State Corporation Commission.

6.        Lakeview has its principal place of business in Coral Gables, Florida, and offers and services residential mortgage loans.

7.        Lakeview is the current Note holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

8.        Trustee Services of Virginia, LLC is a limited liability company, that is registered with the Virginia State Corporation Commission, and is the appointed Substitute Trustee of the May 14, 2015 Deed of Trust securing Lakeview.

9.        The U.S. Department of Housing and Urban Development (HUD) is an agency of the

United States Government.

10.        The Secretary of HUD is the obligee of two promissory notes secured by two Deeds of Trust recorded in the chain of title for the Property.

11.        Margaret E. Jenerette is the current owner of record of the Property.  Upon information and belief, she is a resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

12.        Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

13.        Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Lynchburg Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

14.        Via a Deed of Gift dated February 29, 2012, James [Edward] Jenerette and Margaret [E]. Jenerette (hereinafter "the Jenerettes"), husband and wife and as tenants by the entirety, became the owners of record of the real property legally described as,

> All that certain lot, tract or parcel of land lying and being in Curdsville District of Buckingham County, Virginia on Virginia Secondary Route #650 and containing four acres or less and more particularly described as to metes and bounds on a plat of survey by Stanley Lands Surveys, PLC dated 2011 and recorded in [Deed Book] 395, [at] page 786 [and] being a portion of the land conveyed to the said heirs of B. A. Gibson by a deed from B. A. Gibson, dated October 29, 1927 and recorded in the Clerk's Office of the Circuit Court of the County of Buckingham in Deed Book 31 at Page 425,

and commonly known as 958 Bell Road, Dillwyn, Virginia (hereinafter "Property").

15.        Said Deed is recorded among the land records of the Buckingham County [Virginia] Circuit Court in Deed Book 396, beginning at page 539, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

16.        The plat referenced in the aforesaid Deed is attached hereto as **Exhibit B**.

17.        In May of 2015, the Jenerettes entered into refinance mortgage loan with Metropolitan Home Mortgage, Inc.

18.        As part of that mortgage loan, the Jenerettes executed a Note for $230,025.00 and a Deed of Trust granting a security interest in the Property to the named beneficiary of the Deed of Trust.

19.        The Note and Deed of Trust are each dated May 14, 2015.

20.        The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

21.        Said Deed of Trust is recorded among the land records of the Buckingham County Circuit Court in Deed Book 424, beginning at page 492, and a true and accurate copy thereof is attached hereto as **Exhibit C**.

22.        The May 14, 2015 Deed of Trust (Exhibit C) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

23.        Via a "Notice of Corporate Assignment of Deed of Trust" executed on March 27, 2023, MERS assigned its interest in the May 14, 2015 Deed of Trust (Exhibit C) to Lakeview.

24.        Said assignment is recorded among the land records of the Buckingham County Circuit Court in Deed Book 506 at page 042, as Instrument # 2023-482, and a true and accurate copy thereof are attached hereto as **Exhibit D**.

25.        Via an Appointment of Substitute Trustee executed on October 28, 2025, Lakeview appointed Trustee Services of Virginia, LLC as Substitute Trustee of the Jenerettes' May 14, 2015 Deed of Trust (Exhibit C).

26.        Said Appointment of Substitute Trustee is recorded among the land records of Buckingham County Circuit Court in Deed Book 534 beginning at page 643, as Instrument # 2025-

1768, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

27.	James Edward Jenerette died intestate on November 6, 2023.

28.	In November of 2024, a "List of Heirs" was filed with the Clerk's Office of the Buckingham County Circuit Court, and a true and accurate copy thereof are attached hereto as **Exhibit F**.

29.	On January 27, 2023, American Healthcare LLC obtained a money judgment against Margaret Jenerette in the General District Court for Buckingham County.

30.	Said judgment was subsequently docketed in the Buckingham County Circuit Court on February 21, 2023, and a true and accurate copy thereof is attached hereto as **Exhibit G**.

31.	Margaret Jenerette became the sole owner of the Property when James Edward Jenerette died  on November 6, 2023

32.	The moment Margaret Jenerette became the sole owner of the Property, the judgment held by American Healthcare LLC became a lien against the Property.

33.	In February of 2024, Margaret Jenerette was offered, and did enter into, a loan modification whereby the balance of the Jenerettes' May 14, 2015 mortgage loan (Exhibit C) was reduced by $27,711.82 by transferring that amount to a junior mortgage loan with HUD.

34.	As part of her junior mortgage loan with HUD, Margaret Jenerette executed a promissory note for $27,711.82, payable to the Secretary of HUD, and a "Virginia Deed of Trust" in favor of the Secretary of HUD.

35.	The promissory note and the Virginia Deed of Trust are each dated February 9, 2024.

36.	Said Virginia Deed of Trust granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $27,711.82.

37.	The Virginia Deed of Trust is recorded among the land records of the Buckingham County Circuit Court in Deed Book 516 beginning at page 475, as Instrument # 2024-490, and a

true and accurate copy thereof is attached hereto as **Exhibit H**.

38.        First American is the trustee of the aforesaid Virginia Deed of Trust.

39.        In October of 2024, Margaret Jenerette was offered, and did enter into, a loan modification whereby the balance of the Jenerettes' May 14, 2015 mortgage loan (Exhibit C) was reduced by $7,252.42 by transferring that amount to a second junior mortgage loan with HUD.

40.        As part of her second mortgage loan with HUD, Margaret Jenerette executed a promissory note for $7,252.42, payable to the Secretary of HUD, and a "Partial Claim Deed of Trust" in favor of the Secretary of HUD.

41.        The promissory note and the Partial Claim Deed of Trust are each dated September 25, 2024.

42.        Said Partial Claim Deed of Trust granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $7,252.42.

43.        The Partial Claim Deed of Trust is recorded among the land records of the Buckingham County Circuit Court in Deed Book 542 beginning at page 399, as Instrument # 2024-1932, and a true and accurate copy thereof is attached hereto as **Exhibit I**.

44.        First American is the trustee of the aforesaid Partial Claim Deed of Trust.

45.        Upon information and belief, there are no other persons or entities that currently have an interest in the Property that would be considered a necessary party to this matter.

### Count I - Request for a Judicial Sale

46.        The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 45 above.

47.        In November of 2024, the Jenerettes' May 14, 2015 mortgage loan with Lakeview (Exhibit C) fell into default for nonpayment.

48.        Due to said loan default, a notice of default/breach letter was sent to Margaret Jenerette on January 6, 2025 by the Servicer of the May 14, 2015 mortgage loan, LoanCare, the default was

not cured, and the balance of the mortgage loan has been accelerated.

49.      In order to collect the accelerated balance of the May 14, 2015 mortgage loan, Lakeview wants to enforce its rights in the Property by having the substitute trustee of the May 14, 2015 Deed of Trust execute the power-of-sale provision found within the May 14, 2015 Deed of Trust.  See Exhibit C § 18.

50.      An exercise of the power-of-sale provision that is contained in the May 14, 2015 Deed of Trust would typically require a public (nonjudicial) foreclosure sale for the Property held by a trustee or substitute trustee of the Deed of Trust.

51.      However, because the Secretary of HUD also has security interests in the Property via its Virginia Deed of Trust (see Exhibit H) and its Partial Claim Deed of Trust (Exhibit I), a judicial sale is required.

52.      Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States.  See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

53.      In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

54.      In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id*. at 913.

55.      Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the liens of the United States remain undisturbed against the real property that is

sold.

56.        Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c).  Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

57.        A sale of the Property with clear title and no redemption period, will bring the highest and best price for the Property.

58.        The Plaintiffs now respectfully request that this Honorable Court, pursuant to 28 U.S.C. § 2410, 28 U.S. Code § 2201 and Code of Virginia § 8.01-96 *et seq.*, authorize a judicial sale of the Property so that (i) the Secretary of HUD is given and receives sufficient due process with respect to his security interests in the Property, (ii) the Secretary of HUD can protect those interests, and (iii) the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiff by counsel respectfully request that (i) the Court find that the Secretary of HUD has a security interest in the Property; (ii) the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Margaret Jenerette via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and the Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the May 14, 2015 mortgage

loan held by Lakeview (Exhibit C), and then the payment of the balance of the January 27, 2023

judgment held by American Healthcare LLC (Exhibit G) to the extent funds from the sale of the

Property are available, and then the payment of the balance of the February 9, 2024 Virginia

mortgage loan held by the Secretary of HUD (Exhibit H) to the extent funds from the sale of the

Property are available, and then the payment of the balance of the September 25, 2024 partial-

claim mortgage loan held by the Secretary of HUD (Exhibit I) to the extent funds from the sale of

the Property are available, and then the payment of Margaret Jenerette with the remaining funds

to the extent funds from the sale of the Property are available; (viii) the Court enter an Order

waiving the one-year redemption period that the Secretary of HUD entitled to pursuant to 28 U.S.

Code § 2410(c); and (ix) the Court grant the Plaintiff such further relief as the Court deems

necessary and/or appropriate.

Respectfully submitted,

**LAKEVIEW LOAN SERVICING, LLC**
*and*
**TRUSTEE SERVICES OF VIRGINIA, LLC**
*by Counsel*

January 6, 2026

/s/ Robert Oliveri
Robert Oliveri, Esquire (VSB #47247)
BROCK & SCOTT, PLLC
484 Viking Drive, Suite 170
Virginia Beach, Virginia 23452-7321
757-255-5286 (direct)
703-840-4279 (facsimile)
robert.oliveri@brockandscott.com
*Counsel for the Plaintiffs*